IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS HAMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18 cv 6346 |
| | ) | |
| COUNTY OF COOK and SHERIFF OFFICER BOUZIOLIS, Star #141, and UNKNOWN SHERIFF OFFICERS, | ) ) ) ) | Hon. Robert W. Gettleman |
| Defendants. | ) | Jury Trial Demanded |

**<u>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES</u>**

NOW COME Defendants, COUNTY OF COOK and SHERIFF OFFICER BOUZIOLIS, Star #141 (collectively, "Defendants"), by KIMBERLY M. FOXX, State's Attorney of Cook County, through her assistants, Marissa Longoria and Ryan Gillespie, and for their Answer to Plaintiff, MARCUS HAMPTON's Complaint at Law, state as follows:

**INTRODUCTION**

37-year-old Marcus Hampton suffers from an enlarged heart, high blood pressure, and end stage renal failure. While he awaits a kidney and possible heart transplant, he requires dialysis at least three times a week that, at all times relevant, was accomplished through a catheter that had been inserted into his heart. However, in July Marcus nearly died because the defendants deprived him of medical attention in order to elicit a false confession out of him. As a direct result of their malicious and deliberate indifference, Marcus had to be rushed to a hospital for emergency surgery and remained bedridden in the hospital throughout the days that followed.

**ANSWER:** **Defendants lack information sufficient to admit or deny that Plaintiff suffers from an enlarged heart, high blood pressure, and end stage renal failure, or that**

1

**Plaintiff requires dialysis three times per week. Defendants deny the remaining allegations in this paragraph.**

Despite his weakened state, Marcus was then shuttled to Cook County Jail where his body continued to deteriorate. As a result, Judge Flaherty eventually ordered Marcus to be released from custody so that he could have access to adequate and appropriate medical care. After spending years in the criminal-legal system fighting for his innocence, all charges were finally dismissed against him on June 21, 2018.

**ANSWER: On information and belief, Defendants admit that Plaintiff was given bond and that the charges against Plaintiff were dismissed on June 21, 2018. Defendants deny the remaining allegations in this paragraph.**

He now brings this civil rights lawsuit against the officers that nearly killed him in their attempts to frame him for a crime he did not commit, seeking damages against them for committing acts under color of law and depriving him of his rights secured by the Constitution of the United States of America, and nearly his life.

**ANSWER: Defendants admit that Plaintiff has filed a civil rights lawsuit against them. Defendants deny that Plaintiff's constitutional rights were violated. Defendants deny the remaining allegations in this paragraph.**

## JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER: Defendants admit the allegations in this paragraph.**

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); and the Constitution of the United States of America.

**ANSWER:** **Defendants admit the allegations in this paragraph.**

3. Pendent jurisdiction is provided under U.S.C. § 1367(a).

**ANSWER:** **Defendants admit the allegations in this paragraph.**

## PARTIES

4. PLAINTIFF MARCUS HAMPTON is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois.

**ANSWER:** **On information and belief, Defendants admit that Plaintiff is a United States citizen. Defendants lack information sufficient to admit or deny the remaining allegations in this paragraph.**

5. DEFENDANT SHERIFF OFFICER BOUZIOLIS, Star #141, and UNKNOWN SHERIFF OFFICERS ("Defendant Officers") were, at the time of this occurrence, duly licensed Sheriff's Police Officers with the County of Cook, Illinois. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

**ANSWER:** **Defendant Bouziotis admits that Plaintiff is suing her in her individual capacity, and that she was, at all times relevant hereto, a sworn officer of the Cook County Sheriff's Police Department. Defendant Bouziotis denies the remaining allegations in this paragraph.**

6. DEFENDANT COUNTY OF COOK ("County") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers.

**ANSWER: Defendant County of Cook admits that it is municipal corporation. Defendant Cook County denies the remaining allegations in this paragraph.**

**FACTS**

7. On or around July 18, at or around 11 o'clock at night, Plaintiff Marcus Hampton was driving a friend's car with his sister riding in the front passenger seat.

**ANSWER: Defendants lack information sufficient to admit or deny the allegations in this paragraph.**

8. At this time, Marcus had been diagnosed with an enlarged heart and stage four renal failure.

**ANSWER: Defendants lack information sufficient to admit or deny the allegations in this paragraph.**

9. As a result, a catheter had been placed into his chest, with its tip resting in his heart, to provide access to his vascular system for hemodialysis.

**ANSWER: Defendants lack information sufficient to admit or deny the allegations in this paragraph.**

10. At all times relevant, the tubes from Marcus's catheter protruded from his chest and were plainly obvious.

**ANSWER: Defendants lack information sufficient to admit or deny the allegations in this paragraph.**

11. Marcus also suffers from hypertension.

**ANSWER: Defendants lack information sufficient to admit or deny the allegations in this paragraph.**

12. As a result of Marcus' precarious health, he requires medication daily, at least three times a day—including a dosage he takes every night.

**ANSWER: Defendants lack information sufficient to admit or deny the allegations in this paragraph.**

13. Although Marcus had committed no traffic violation, Defendant Officers pulled over the vehicle Marcus was driving and ordered both him and his sister out of the car.

**ANSWER: On information and belief, Defendants admit that Plaintiff was pulled over while driving a vehicle and that his sister was in the car. Defendants deny the remaining allegations in this paragraph.**

14. After an illegal search, Defendant Officers found a locked, lock box under the front passenger seat.

**ANSWER: Defendants admit the existence of a box under the front passenger seat. Defendants deny the remaining allegations in this paragraph.**

15. After popping the lock, a weapon was recovered from the locked lock box.

**ANSWER: Defendants admits that a weapon was recovered from a box in Plaintiff's vehicle. Defendants deny the remaining allegations in this paragraph.**

16. Marcus was then arrested and taken back to the Markham Police Department, in or near the basement of the courthouse, where he was placed in a room for interrogation.

**ANSWER: Defendants admit that Plaintiff was arrested and taken to the Markham Police Department. Defendants lack information sufficient to admit or deny remaining allegations in this paragraph.**

17. Marcus began to feel lightheaded; therefore, he informed Defendant Officers of his medical conditions and that he needed to take his nightly medication.

**ANSWER:** **Defendants admit that Plaintiff requested medical treatment while in custody at the Markham Police Department. Defendants deny the remaining allegations in this paragraph.**

18. Marcus's sister also verified his medical condition and told them that he needed his medication.

**ANSWER:** **Defendants lack information sufficient to admit or deny the allegations in this paragraph.**

19. Marcus began to visibly sweat, go in and out of consciousness, and lose his muscular coordination.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

20. Despite this, Defendant Officers refused to let Marcus receive any medical attention or take any medication until he signed a confession.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

21. Defendant Officers wrote a confession for him to sign that, unable to see and control his hand movements, Marcus attempted to initial so that he could receive medical attention.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

22. Marcus had collapsed in the room where he was being interrogated and needed life-saving treatment from the paramedics.

**ANSWER:** **Defendants deny the remaining allegations in this paragraph.**

23. Upon reaching Marcus, they immediately gave him a nitroglycerin tablet and began advanced life-saving treatment.

**ANSWER: Defendants lack information sufficient to admit or deny the allegations in this paragraph.**

24. At the time that the paramedics initially arrived on scene, Marcus's blood pressure was 180/112.

**ANSWER: Defendants lack information sufficient to admit or deny the allegations in this paragraph.**

25. According to the American Medical Association, Marcus's blood pressure constituted a hypertensive crisis.

**ANSWER: Defendants lack information sufficient to admit or deny the allegations in this paragraph.**

26. At the hospital, he was then rushed to surgery.

**ANSWER: Defendants lack information sufficient to admit or deny the allegations in this paragraph.**

27. Marcus spent five days at South Suburban Hospital recovering from surgery, during which Defendant Officers caused photographers to come and take his booking photos as he lie in bed helpless and with tubs sticking out of him.

**ANSWER: Defendants lack information sufficient to admit or deny the allegations in this paragraph.**

28. Although Defendant Officers had no lawful basis whatsoever to believe Marcus had committed any crime, they caused him to be charged with felony offenses.

**ANSWER: Defendants deny the allegations in this paragraph.**

29. As a result, Marcus was taken to Cook County Jail where his health continued to deteriorate.

**ANSWER: On information and belief, Defendants admit that Plaintiff was taken to Cook County Jail. Defendants lack information sufficient to admit or deny the allegations in this paragraph.**

30. Eventually, Marcus was released on electronic monitoring so that he could receive adequate and timely medical care, which he was not receiving while in custody.

**ANSWER: Defendants lack information sufficient to admit or deny the allegations in this paragraph.**

31. However, Sheriff's Officers continued to harass Marcus and make it difficult for him to receive movement to go for his many appointments.

**ANSWER: Defendants deny the allegations in this paragraph.**

32. Accordingly, he was given bond so that he could receive the medical attention that his condition required.

**ANSWER: On information and belief, Defendant admits Plaintiff was given bond. Defendants lack information sufficient to admit or deny the allegations in this paragraph.**

33. The defendants' misconduct continued to deteriorate Marcus' emotional and physical health. For instance, during the pendency of the case, and at the state's attorney's insistence, Marcus had to be rushed to the hospital while waiting for his hearing to begin.

**ANSWER: Defendants deny that they committed any act of misconduct. Defendants lack information sufficient to admit or deny the remaining allegations in this paragraph.**

34. On June 21, 2018, a hearing was held on the voluntariness of Marcus's supposed confession.

**ANSWER: Defendants lack information sufficient to admit or deny the allegations in this paragraph.**

35. The judge found that Defendant Officers denied plaintiff medical care in order to get him to give the confession; accordingly, the motion to suppress was granted.

**ANSWER: Defendants lack information sufficient to admit or deny the allegations in this paragraph.**

36. On June 21, 2018, all charges against Marcus were dismissed in a manner consistent with his innocence.

**ANSWER: On information and belief, Defendants admit that on June 21, 2018, the charges against Plaintiff were dismissed. Defendants deny the remaining allegations in this paragraph.**

37. As a direct and proximate result of the unlawful actions of the defendants, Marcus was injured, including physical injuries, pain and suffering, humiliation, disfigurement and scarring, embarrassment, fear, severe emotional trauma, mental anguish, the deprivation of his constitutional rights and dignity, interference with his normal life, lost time, and attorneys' fees.

**ANSWER: Defendants deny that they committed any unlawful act and deny that Plaintiff's constitutional rights were violated. Defendants further deny that Plaintiff is entitled to any relief of damages. Defendants lack information sufficient to admit or deny the remaining allegations in this paragraph.**

**COUNT I: 42 U.S.C. § 1983 – Denial of Medical Care**

38. Plaintiff realleges the above paragraphs as though fully set forth herein.

**ANSWER: Defendants hereby reincorporate their responses to the above paragraphs as though fully set forth herein.**

9

39. As described more fully above, Defendant Officers had notice of Plaintiff's objectively serious medical conditions of an enlarged heart, renal failure, and hypertension.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

40. Despite Defendant Officers' notice, they failed to provide Plaintiff with necessary medical attention, in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

41. As a result of the unjustified and unconstitutional conduct of Defendant Officers, Plaintiff experienced pain, suffering, emotional distress, injury, and risked life-long impairment and death.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

42. The misconduct of Defendant Officers was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of Plaintiff.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

43. Alternatively, Defendants were deliberately indifferent to Plaintiff's objectively serious medical needs, and their acts were undertaken intentionally with malice, willfulness, and deliberate indifference to the rights of Plaintiff.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

44. Plaintiff's injuries were proximately caused by policies and practices of Defendants.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

45. Prior to the events giving rise to Plaintiff's Complaint, Defendant County had notice of widespread policies and practices by its employees wherein detainees like Mr. Hampton with serious medical needs were routinely denied medical care. It is common for detainees with clear symptoms of serious medical needs who repeatedly request medical evaluation or treatment and whose requests are routinely delayed or completely ignored.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

46. Despite knowledge of these problematic policies and practices, Defendant County did nothing to ensure that persons in its custody received adequate medical care and access to medical care, thereby acting with deliberate indifference.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

47. Specifically, there exist widespread policies or practices pursuant to which detainees are routinely and unconstitutionally denied medical care including policies and practices pursuant to which: (1) personnel commonly fail to respond or respond inadequately to detainees who have requested medical attention or proper treatment; (2) personnel commonly fail to respond or respond inadequately to detainees who exhibit obvious signs of a serious medical condition; (3) personnel commonly fail to perform adequate observations of detainees with a serious medical condition; (4) personnel with inadequate training, qualifications, and experience are charged with the responsibility of screening and evaluating complaints and requests for medical care; (5) personnel fail to provide timely healthcare to detainees; and (6) personnel fail or refuse to arrange for detainees to be treated in outside facilities, even when an outside referral is necessary or proper.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

48. These widespread policies and practices were allowed to flourish because Defendant County directly encourages the very type of misconduct at issue in this case, failed to provide adequate training and supervision of its employees, and failed to adequately punish and discipline prior instances of similar misconduct.

>**ANSWER:** Defendants deny the allegations in this paragraph.

49. In this way, Defendant County violated Plaintiff's rights by maintaining policies and practices that were the moving force during the foregoing constitutional violations.

>**ANSWER:** Defendants deny the allegations in this paragraph.

50. The above-described widespread policies and practices, so well settled as to constitute de facto policy, were able to exist and thrive because Defendant County was deliberately indifferent to the problem, thereby effectively ratifying it.

>**ANSWER:** Defendants deny the allegations in this paragraph.

51. Plaintiff's injuries were caused by employees of Defendant County, including but not limited to Defendant Officers, who acted pursuant to the foregoing policies and practices in engaging in the misconduct described in this Count.

>**ANSWER:** Defendants deny the allegations in this paragraph.

52. Plaintiff was harmed as a result of the unconstitutional conduct of the Defendants including, but not limited to, severe pain, physical injury, mental suffering, anguish and humiliation, and loss of dignity.

>**ANSWER:** Defendants deny the allegations in this paragraph.

WHEREFORE the Plaintiff, MARCUS HAMPTON, purusant to 42 U.S.C. §1983, demands judgment against the Defendants, COUNTY OF COOK and SHERIFF OFFICER BOUZIOLIS, Star #141, and UNKNOWN SHERIFF OFFICERS, for compensatory damages,

punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**ANSWER: Defendants deny that Plaintiff is entitled to the relief requested in this paragraph.**

### COUNT II: 42 U.S.C. § 1983 – Unlawful Pretrial Detention

53. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER: Defendants hereby reincorporate their responses to the above paragraphs as though fully set forth herein.**

54. Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without genuine probable cause, and they submitted reports and statements to prosecutors with the intent of instituting and continuing judicial proceedings against Plaintiff.

**ANSWER: Defendants deny the allegations in this paragraph.**

55. Defendant Officers caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause.

**ANSWER: Defendants deny the allegations in this paragraph.**

56. As described more fully above, Defendant Officers, while acting individually, jointly, and in conspiracy with other unnamed individuals, deprived Plaintiff of his constitutional rights by the following:

a. Deliberately withheld and concealed exculpatory evidence including but not limited to their misconduct detailed in sections b-d;

b. Deliberately used improper and coercive procedures to force a false confession from Plaintiff;

c. Deliberately fabricated evidence including but not limited to falsifying police reports in an attempt to implicate Plaintiff as the perpetrator; and

d. Deliberately spoliated witness statements and evidence in an attempt to implicate Plaintiff as the perpetrator.

**ANSWER:  Defendants deny the allegations in this paragraph, including the allegations contained in sub-paragraphs (a)-(d).**

57. Defendant Officers continued to mislead and misdirect the criminal prosecution of Plaintiff during the pendency of his detainment.

**ANSWER:  Defendants deny the allegations in this paragraph.**

58. As a result of the suppression hearing finding that the confession from Plaintiff was coerced, the state dismissed all charges against Plaintiff on June 21, 2018.

**ANSWER:  On information and belief, Defendants admit that on June 21, 2018, the charges against Plaintiff were dismissed. Defendants lack information sufficient to admit or deny the allegations in this paragraph.**

59. Defendant Officers' misconduct directly and proximately caused violations of Plaintiff's constitutional rights, loss of liberty, monetary expenses, emotional distress, and other injuries.

**ANSWER:  Defendants deny the allegations in this paragraph.**

60. The misconduct described here was objectively unreasonable and undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:  Defendants deny the allegations in this paragraph.**

WHEREFORE the Plaintiff, MARCUS HAMPTON, purusant to 42 U.S.C. §1983, demands judgment against the Defendants, SHERIFF OFFICER BOUZIOLIS, Star #141, and

UNKNOWN SHERIFF OFFICERS, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**ANSWER:** **Defendants deny that Plaintiff is entitled to the relief requested in this paragraph.**

### COUNT III: 745 ILCS 10/9-102 – Indemnification

61. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER:** **Defendants hereby reincorporate their responses to the above paragraphs as though fully set forth herein.**

62. Defendant County is the employer of the Defendant Officers.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

63. Defendant Officers committed the acts alleged above under color of law and in the scope of her employment as an employee of the County of Cook.

**ANSWER:** **Defendants deny the allegations in this paragraph.**

WHEREFORE the Plaintiff, MARCUS HAMPTON, demands that, should the Defendants, SHERIFF OFFICER BOUZIOLIS, Star #141, and/or UNKNOWN SHERIFF OFFICERS, be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant, COUNTY OF COOK, be found liable for any judgment Plaintiff obtains, as well as attorney's fees and costs awarded.

**ANSWER:** **Defendants deny that Plaintiff is entitled to the relief requested in this paragraph.**

### COUNT IV: Malicious Prosecution (State Law Claim)

64. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER: Defendants hereby reincorporate their responses to the above paragraphs as though fully set forth herein.**

65. By the actions detailed above, Defendant Officers knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

**ANSWER: Defendants deny the allegations in this paragraph.**

66. Defendant County is sued in this Count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant County, and while acting within the scope of this employment

**ANSWER: Defendants admit that this Count is based on a theory of *respondeat superior*. Defendants deny the remaining allegations in this paragraph.**

67. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

**ANSWER: Defendants deny the allegations in this paragraph.**

WHEREFORE the Plaintiff, MARCUS HAMPTON, demands judgment against the Defendants, COUNTY OF COOK and SHERIFF OFFICER BOUZIOLIS, Star #141, and UNKNOWN SHERIFF OFFICERS, for compensatory damages, punitive damages, the costs of this action and legal costs, and any such other and further relief as this Court deems equitable and just.

**ANSWER: Defendants deny that Plaintiff is entitled to the relief requested in this paragraph.**

**COUNT V: Intentional Infliction of Emotional Distress (State Law Claim)**

68. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER: Defendants hereby reincorporate their responses to the above paragraphs as though fully set forth herein.**

69. The above-detailed conduct by Defendant Officers was extreme and outrageous, exceeding all bounds of human decency.

**ANSWER: Defendants deny the allegations in this paragraph.**

70. Defendants Officers performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

**ANSWER: Defendants deny the allegations in this paragraph.**

71. Defendant County is sued in this to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant County, and while acting within the scope of their respective employment.

**ANSWER: Defendants admit that this Count is based on a theory of *respondeat superior*. Defendants deny the remaining allegations in this paragraph.**

72. As a direct and proximate result of this conduct, Plaintiff did, in fact, suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, and excruciating physical pain and emotional suffering.

**ANSWER: Defendants deny the allegations in this paragraph.**

WHEREFORE the Plaintiff, MARCUS HAMPTON, demands judgment against the Defendants, COUNTY OF COOK and SHERIFF OFFICER BOUZIOLIS, Star #141, and UNKNOWN SHERIFF OFFICERS, for compensatory damages, punitive damages, the costs of

this action and legal costs, and any such other and further relief as this Court deems equitable and just.

**ANSWER: Defendants deny that Plaintiff is entitled to the relief requested in this paragraph.**

WHEREFORE, Defendants, COUNTY OF COOK and SHERIFF OFFICER BOUZIOLIS, Star #141, respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff, MARCUS HAMPTON and award them their costs in defending this suit, and pray for any other relief that is necessary and just.

## AFFIRMATIVE DEFENSES

NOW COME Defendants, COUNTY OF COOK and SHERIFF OFFICER BOUZIOLIS, Star #141 (collectively, "Defendants"), by KIMBERLY M. FOXX, State's Attorney of Cook County, through her assistants, Marissa Longoria and Ryan Gillespie, and assert the following Affirmative Defenses to Plaintiff, MARCUS HAMPTON's Complaint at Law:

1. The Defendants' conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, the Defendants are entitled to the defense of qualified immunity.

2. To the extent that Plaintiff seeks punitive damages in this action, Defendants assert immunity from same. First, local governments such as the COUNTY OF COOK are immune from punitive damages liability under §1983. *See City of Newport v. Fact Concerts*, 453 U.S. 247 (1981). Second, an official capacity suit against a government official such as SHERIFF OFFICER BOUZIOTIS is tantamount to a claim against the government entity itself. *See Guzman v. Sheahan*, 495 F. 3d 852, 859 (7th Cir. 2007).

3. The Section 1983 claims made by Plaintiff accrued more than two years prior to the filing of the lawsuit; therefore, the claims are barred by the two-year statute of limitations applicable to civil rights claims in Illinois. *See* 735 ILCS 5/13-202; *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007).

4. Defendant COUNTY OF COOK cannot be held liable for Plaintiff's Section 1983 claims under a theory of *respondeat superior*. *See Monell v. New York Dep't of Social Services,* 436 U.S. 658, 690 (1978).

5. Defendant COUNTY OF COOK cannot be held liable for Plaintiff's state law claims against Defendant SHERIFF OFFICER BOUZIOTIS under a theory of *respondeat superior*. *See Moy v. County of Cook*, 159 Ill. 2d 519, 531 (1994).

6. Defendants are immune from Plaintiff's state-law claims under Section 2-202 of the Local Government and Governmental Employees Tort Immunity Act (745 ILCS 10/2-202), which confers on public employees immunity from liability for acts or omissions that occur during "the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202.

WHEREFORE, Defendants, COUNTY OF COOK and SHERIFF OFFICER BOUZIOLIS, Star #141, respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff, MARCUS HAMPTON and award them their costs in defending this suit, and pray for any other relief that is necessary and just.

## JURY DEMAND

With regard to any issue that may be appropriately heard by a jury in this cause of action, Defendants hereby demand a jury trial.

        Respectfully submitted,

        KIMBERLY M. FOXX
        State's Attorney of Cook County

By:   */s/ Marissa D. Longoria*
        Marissa D. Longoria
        Ryan Gillespie
        Assistant State's Attorneys
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603-5440
        marissa.longoria@cookcountyil.gov
        ryan.gillespie@cookcountyil.gov