**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARCUS HAMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18 cv 6346 |
| | ) | |
| COUNTY OF COOK and SHERIFF | ) | Judge GETTLEMAN |
| OFFICER ALEXANDRA BOUZIOTIS, Star | ) | |
| #141, CHRISTOPHER MCDONOUGH, | ) | Magistrate Judge FUENTES |
| Star #616, and BRUCE STEINKE, Star #42, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT BOUZIOTIS AND MCDONOUGH'S MOTIONS TO DISMISS**

NOW COMES the Plaintiff, MARCUS HAMPTON, by and through counsel, pursuant to Fed. R. Civ. P. 12(b)(6), providing his response in opposition to the motion of the defendants, ALEXANDRA BOUZIOTIS and CHRISTOPHER MCDONOUGH, to dismiss his Amended Complaint. In support thereof, Plaintiff states as follows:

**BACKGROUND**

On June 18, Marcus Hampton was taken to the Cook County Sheriff's police station in Markham. Dkt. 59, Amended Complaint, ¶ 16. There, he began feeling light-headed, informed the Defendant Officers that he suffered from an enlarged heart, renal failure, and hypertension and needed to take his medication. *Id.* at ¶¶ 8-9, 11-12, 16-17. The woman who had been arrested with him confirmed this information. *Id.* at ¶ 18. Despite Mr. Hampton's objectively serious medical condition, he was interrogated and denied medical care—which allowed his condition to worsen to the point of his losing

muscle coordination and consciousness—in an attempt to coerce him to sign a knowingly false confession that the Defendant Officers authored. *Id.* at ¶¶ 19-22. They then used that false confession to charge him with crimes for which there was no probable cause. *Id.* at ¶¶ 28, 34-35.

Although all official reports of the incident do not include a reference to Defendant McDonough, and evidence of his involvement was not produced during the pendency of the underlying criminal proceeding, it was later uncovered that he participated in the complained of conduct during the pendency of this case. Accordingly, an Amended Complaint was filed naming McDonough as a defendant. *See, e.g.* Dkt. 49.

**ARGUMENT**

Plaintiff has pled enough facts to plausibly allege claims against Defendants Bouziotis and McDonough for violating of his rights. *See* Fed. R. Civ. P. 12(b)(6). At the motion to dismiss stage, a court should construe the complaint in the light most favorable to the plaintiff, accepting as true all well-plead facts and drawing all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). To survive a motion to dismiss a complaint need only provide the defendant with fair notice of a claim's basis and be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, Plaintiff pled specific facts for violations of his rights under state and federal law. Therefore, the defendants' motion to dismiss should be denied.

## I. PLAINTIFF'S CLAIMS ARE TIMELY.

The Court should deny the defendants' motion to dismiss Plaintiff's claims as untimely. A plaintiff is not required to negate an affirmative defense in his complaint. *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003); *Leavell v. Kieffer,* 189 F.3d 492, 494 (7th Cir. 1999); *Tregenza v. Great Am. Communications Co.,* 12 F.3d 717, 718 (7th Cir. 1993); *Ollins v. O'Brien*, No. 03 C 5795, 2006 WL 1519286, *3 (N.D. Ill. May 26, 2006)("Because the Court can conceive of a set of facts upon which equitable tolling could apply to plaintiffs' false arrest claims, *Wallace* does not dictate the dismissal of such claims at this time."). Thus, "[u]nless the complaint alleges facts that create an ironclad defense, a limitations argument must await factual development." *Foss v. Bear Stearns & Co., Inc.*, 394 F.3d 540, 542 (7th Cir. 2005). Furthermore, a plaintiff only "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Kolupta v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006).

Here, the defendants' motion to dismiss is premised primarily on the affirmative defense of the statute of limitations. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Complaints need not contain *any* information about defenses and may not be dismissed for that omission.") (emphasis in original). Thus, dismissal is unwarranted because possible defenses to their claim could apply to the facts of this case. *Anguilo v. U.S.*, 867 F.Supp.2d 990, 1000 (N.D. Ill. 2012) ("Equitable estoppel and equitable tolling are doctrines that stop a statute of limitations from running."); *see also*

*Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990). Accordingly, this Court should deny the defendants' motion.

Here, Plaintiff's complaint does not plead him out of court; a point the defendants concede by attaching police reports to their motion to dismiss in an attempt to bolster their argument. However, this is wholly in appropriate and should not be considered by the Court. *Hill v. Trustees of Ind. Univ.*, 537 F.2d 248, 251 (7th Cir. 1976); *see also Carter v. Stanton*, 405 U.S. 669, 671 (1972)(holding that consideration of matters outside the four corners of the complaint without converting the motion to a Rule 56 motion for summary judgment may be result in reversible error). In similar cases, this Court has refused to consider such extraneous evidence:

> Defendants also attempt to support their motion to dismiss with additional facts that are outside the complaint. This, too, violates a bedrock principle of federal procedure. When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court's inquiry is generally limited to the factual allegations contained within the four corners of the complaint.

*Lynch v. Young,* No. 04 C 5136, Dkt. 28, Memorandum and Opinion Order (N.D. Ill. 2005). Therefore, here too, the Court should not consider these materials. *See Wilkow v. Forbes, Inc.,* 241 F.3d 552, 555 (7th Cir. 2001); *See also Frye v. L'OREAL USA, INC.*, 583 F. Supp. 2d 954, n. 6 (N.D. Ill. 2008); *Hill v. Trustees of Ind. Univ.*, 537 F.2d 248, 251 (7th Cir. 1976); *see also Carter v. Stanton*, 405 U.S. 669, 671 (1972)(holding that consideration of matters outside the four corners of the complaint without converting the motion to a Rule 56 motion for summary judgment may be result in reversible error).

Even if, however, the Court were to consider this information, Plaintiff's complaint is still timely because the discovery rule would toll the statute of limitations. Under the discovery rule, the beginning of the statute of limitations period for filing a suit is changed from the date when the plaintiff is wronged to the date when he discovers he has been injured. *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 450 (7th Cir. 1990). The discovery rule can be read into statutes of limitations in federal-question cases in the absence of a contrary directive from Congress. *Id.* Accordingly, for the defendants to be successful on their motion to dismiss, Plaintiff must have plead himself out of court by alleging that he knew and remembered what occurred on the night of his arrest. *See Baldwin v. Metro. Water Reclamation Dist. of Greater Chicago*, 2012 WL 5278614, at *1 (holding plaintiff's allegations must show that there is an "airtight" defense to dismiss on the pleadings). No such allegation exists, though, because that simply was not the case. Plaintiff lost consciousness while undergoing a life-threatening medical crisis. It was not until months later when his attorney was given discovery that he even found out there was a supposed statement that he signed; moreover, it was years before it was discovered that other officers besides Bouziotis were involved in crafting and using it. Therefore, dismissal at stage is unwarranted as Plaintiff has not plead himself out of court.

Finally, Defendants' contention regarding when an unlawful pretrial detention claim accrues is inaccurate. "In September, the *Manuel* panel held that a Fourth Amendment claim for wrongful pretrial detention accrues on the date the detention ends." *Lewis v. City of Chicago*, 914 F. 3d 472, 474 (7th Cir. 2019) (citing *Manuel v. City of*

*Joliet* ("*Manuel II*"), 903 F.3d 667, 670 (7th Cir. 2018)). Accordingly, this claim would not have accrued until Plaintiff was no longer under the supervision of the government due to the criminal proceedings, not the date of his arrest. *See id.* Therefore, Plaintiff timely named Defendant McDonough and his claims against both Defendant McDonough and Bouziotis are not barred by the statute of limitations.

## II. GROUP PLEADING IS NOT A BASIS TO DISMISS THE COMPLAINT.

The defendants contend that by referring to McDonough and Bouziotis collectively as "Defendant Officers" Plaintiff has failed to allege the conduct that each specific defendant engaged in that injured him. *C.f. Frazier v. U.S. Bank Nat'l Ass'n,* No. 11 C 8775, 2013 WL 1337263, at *3 (N.D. Ill. Mar. 29, 2013)( holding that group pleading is sufficient under Rule 8 when a plaintiff provides enough detail about the nature of the allegations to put each defendant on fair notice of the claims). However, this is an inaccurate reading of the complaint. Plaintiff's allegation is against all the Defendant Officers as Mr. Hampton contends that each of these individuals engaged in the complained of conduct, hence he refers to them as group. *See Serano v. Guevara, 315 F. Supp. 3d 1026*, n. 2 (N.D. Ill. 2018) ("I assume references to "defendants" include all defendants, and plaintiffs intend to prove that every defendant engaged in the alleged conduct"). Therefore, Plaintiff has plead specific facts against each Defendant that entitles him to relief.

## III. PLAINTIFF'S STATE LAW CLAIMS ARE ADEQUATELY PLEAD.

Defendants erroneously allege that the malicious prosecution claim is inadequate in that fails to allege that Defendant Officers' lacked probable cause to charge Mr.

Hampton. However, Plaintiff's complaint alleges that although Defendant Officers had no reason to believe he had committed a crime, they authored a false confession that they made Mr. Hampton sign in order to receive medical treatment. Those specific facts demonstrate the absence of probable cause for the charges that Defendant Officers levied against him. As the defendants concede, malice may be inferred from the absence of probable. *Denton v. Allstate Ins. Co.,* 152 Ill.App.3d 578, 587, 504 N.E.2d 756 (Ill. App. Ct. 1986).

Furthermore, and contrary to the defendants' assertions, "a plaintiff is not required to 'establish' any facts to survive a motion to dismiss; indeed, a plaintiff is not even required to plead sufficient facts to establish the legal elements of his claim." *See Head v. Chicago Sch. Reform Bd. of Trustees*, 225 F.3d 794, 801 (7th Cir. 2000). Here, Plaintiff plead facts that plausibly suggest he is entitled to relief. He need not do more. *See Whitmer v. CitiMortgage Inc.*, Case No. 12 C 50115, at *2 (N.D. Ill. May. 20, 2015) ("Federal pleading is not fact pleading."). Accordingly, the Court should deny the Defendants' motion to dismiss his malicious prosecution claim.

Likewise, the complaint plausibly alleges that the Defendants' conduct was extreme and outrageous—especially considering Mr. Hampton's obvious medical distress. *See Cobige v. City of Chi.,* 2009 WL 2413798, at *13 (N.D. Ill. Aug. 6, 2009) (drawing "reasonable inference that Defendants knew [Plaintiff] was susceptible to emotional stress due to her extreme abdominal pain and constant requests for medical care"). Further, other courts in this District have held that denying medical care to prisoners may qualify as extreme and outrageous conduct. *See, e.g., Awalt v. Marketti,* 74

F. Supp. 3d 909, 942 (N.D. Ill. 2014) (denying summary judgment on IIED claim and finding that reasonable jury could conclude defendants' alleged failure to treat plaintiff-prisoner's seizures was extreme and outrageous); *Liebich v. Hardy*, 2013 WL 4476132, at *14 (N.D. Ill. Aug. 19, 2013) (denying motion to dismiss IIED claim where plaintiff alleged defendants' "repeated denials to provide prescribed medications, failure to refer plaintiff to a specialist because of cost concerns, unnecessary delay in emergency treatment, and disregard of plaintiff's alleged acute pain" constituted extreme and outrageous conduct). Here, too, Plaintiff's complaint contains enough facts to allege an adequate claim for Intentional Infliction of Emotional Distress. Therefore, the Defendants' motion to dismiss should be denied.

## IV. COOK COUNTY IS RESPONSIBLE FOR INDEMNIFYING THEIR AGENTS.

As Plaintiff's claims are timely and adequately plead, there is no basis for dismissing Cook County from the case.

## CONCLUSION

WHEREFORE the Plaintiff, MARCUS HAMPTON, respectfully requests that this Honorable Court deny the motion to dismiss of the Defendants, and provide any such other relief as it deems equitable and just.

Dated: 5 December 2019

Respectfully Submitted,

By: /s/ Jeanette Samuels
*One of Plaintiffs' Attorneys*

SAMUELS & ASSOCIATES, LTD.
2925 S. Wabash Ave, Suite 104
Chicago, Illinois 60616

T: 872.588.8726
F: 872.444.3011
E: sam@chicivilrights.com

**CERTIFICATE OF SERVICE**

The undersigned attorney, on oath, states that a true and complete copy of the foregoing, was served on all counsel of record via the court's electronic filing system on 5 December 2019.

/s/ Jeanette Samuels___________